**In the Interest of S.W., S.W., and H.W., Minor Children.**

**Appeal of A.W. and E.M.**

Superior Court of Pennsylvania.

Submitted July 2, 2001.
Filed Aug. 7, 2001.

---

James M. Wiley, Williamsport, for appellants.

Matthew F. Golden, Williamsport, for Guardian Ad Litem, appellee.

Charles F. Greevy, Williamsport, for Lycoming County Children and Youth Services, appellee.

Before LALLY–GREEN, BECK and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 E.M. and A.W. appeal the December 7, 2000 Order denying their Petition to Re-Open Due to Ineffective Assistance of Counsel.

¶ 2 Appellants' parental rights as to their three children were terminated by Final Decree on November 12, 1998. This Court affirmed the Decree on November 15, 1999, *In re S.W., S.W. and H.W.*, 748 A.2d 1259 (Pa.Super.1999) (unpublished Memorandum), and on April 24, 2000, the Pennsylvania Supreme Court denied appellants' petition for allowance of appeal. *In re S.W., S.W. and H.W.*, 563 Pa. 630, 758 A.2d 663 (2000).

¶ 3 On May 25, 2000, appellants filed a petition to re-open the parental termination case, arguing they received ineffective assistance of counsel. Specifically, appellants contend counsel precluded them from testifying on their own behalf during the termination proceedings. Following argument and based upon this Court's en banc decision in *In re T.M.F.*, 392 Pa.Super. 598, 573 A.2d 1035 (1990), the trial court determined appellants were not entitled to a hearing on the issue of ineffective assistance of counsel and denied their petition. This appeal followed.

¶ 4 Appellants present the following questions for our review.

I. Whether the lower court erred and/or abused its discretion in denying [appellants'] petition where [prior] counsel was ineffective by preventing appellants … from testifying on their own behalf at the termination hearing in this matter and the first real opportunity to raise this issue was after [trial] counsel was removed from the case[?]

II. Whether the lower court erred and/or abused its discretion by failing to grant appellants … a hearing regarding their assertions of [trial] counsel's ineffectiveness and conduct[?]

(Appellants' brief at 4.)

¶ 5 As previously discussed, appellants have exhausted their appellate rights.

The record indicates that they first complained of ineffective assistance only after their petition for allowance of appeal was denied.

Any determination as to ineffectiveness of counsel must be made expeditiously in the context of the original appeal, as a collateral attack by post-decree petition and/or appeal, after normal appeals have been exhausted, is not permissible.

*In re T.M.F., supra* at 1043.

¶ 6 In the present case, appellants have presented no evidence of ineffective assistance of counsel and merely assert bald-face and self-serving allegations with no offer of proof.

Mere assertion of ineffectiveness of counsel is not the basis of a remand or rehearing, and despite a finding of ineffectiveness on one or more aspects of the case, if the result would unlikely have been different despite a more perfect stewardship, the decree must stand.

*Id.* at 1044.

¶ 7 Despite the multiplicity of views and suggested avenues for presenting a procedural vehicle by which an ineffectiveness claim could be pursued in the context of a termination proceeding, the overwhelming consensus of the en banc Court in *T.M.F.* agreed that a collateral procedure to raise the issue of ineffectiveness was not available and should not be created by a decision of this Court. The overriding consideration in this respect is, as stated above, whether the result would likely have been different if there had been a more perfect stewardship, and such a test must be pursued during the avenue of post-trial motions and appellate review and not as a collateral proceeding following exhaustion of direct appeal.[1]

¶ 8 As this Court has previously determined that the evidence of record fully and overwhelmingly supports the termination of appellants' parental rights, we find no basis for a hearing on unsupported allegations of ineffectiveness.

¶ 9 It is imperative that the best interests of the children be the foremost consideration where parties whose parental rights have been terminated allege defects in the termination process. Where parental rights have been terminated and the need for termination is well-supported by the evidence, initiating the process of permanently placing the children with loving, healthy and developmentally stimulating families and seeing that process through to permanent placement (i.e. adoption) is clearly in the best interests of the children. The purpose of the legislation, to provide permanency and finality in a procedure removing the children from the custody of their biological parents, could never be assured where the evidence warrants it, if, after the appeal process was exhausted, a mere allegation of flawed stewardship could cause the case to be revisited. This is tantamount to uprooting a newly planted tree, preventing it from developing the root system necessary for healthy and vigorous growth to adulthood.

¶ 10 Order affirmed.

---

1. This, of course, does not rule out collateral review where it reasonably can be alleged that a fraudulent procedure or inducement was utilized to deny the parent of her/his child when the established facts and applicable law would warrant a different outcome. *See In re Adoption of W.C.K.*, 748 A.2d 223 (Pa.Super.2000).