983 A.2d 771 (2009)
In the Interest of J.T., Minor
Appeal of M.T., Natural Mother, Appellant.
No. 713 MDA 2009
Superior Court of Pennsylvania.
Submitted August 10, 2009.
Filed November 4, 2009.
*772 John A. Donovan, Jr., Public Defender, Wilkes-Barre, for M.T., appellant.
John A. Bellino, Kingston, Guardian Ad Litem.
Anthony J. Lumbis, Wilkes-Barre, for Luzerne County Children and Youth Services, appellee.
BEFORE: BENDER, FREEDBERG, and POPOVICH, JJ.
OPINION BY FREEDBERG, J.:
¶ 1 Appellant, M.T. ("Mother"), appeals from the decree in the Luzerne County Court of Common Pleas, which terminated her parental rights to her minor child, J.T. Counsel for Mother has also filed with this Court both a petition for leave to withdraw as counsel and a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and its progeny. We grant counsel's petition for leave to withdraw and affirm the decision of the trial court.
¶ 2 On January 30, 2009, Luzerne County Children and Youth Services ("CYS") filed a petition for the involuntary termination of Mother's parental rights. A hearing was held on March 30, 2009. Mother was personally served with the petition and the notice of the hearing, but she failed to appear. Id. at 4. Mother was not represented by counsel at that hearing. The sole witnesses at the hearing were CYS caseworkers, Wilma Snopek and Kelly Kizis, who provided the following testimonial evidence.
¶ 3 Mother gave birth to J.T., a female, on October 7, 2006. J.T.'s natural father is unknown. One day after her birth, J.T. was placed in the custody of CYS because of Mother's problems with drug and alcohol abuse, mental health, parenting, and housing. N.T., 3/30/2009, at 6. Mother visited J.T. three times from the date of her placement to March 7, 2007. Id. On March 7, 2007, during a visit with J.T. at the offices of CYS, Mother was arrested and charged with crimes relating to assaulting a caseworker and leaving CYS's *773 office with J.T. Id. As a result, her visits were suspended. Id. Mother's visits were reinstated on December 27, 2007. Id. at 7. Thereafter, she visited J.T. on two occasions, during which J.T. "cried to the point of becoming physically sick." Id. Mother's last visit with J.T. was on January 22, 2008, and since that time, she has not communicated with J.T., inquired about her welfare, or supported her in any fashion. Id. at 7-8. There is no bond between J.T. and Mother. Id. at 11. In addition, Mother has failed to complete any court-ordered services. Id. at 6.
¶ 4 Since birth, J.T. has been living with foster parents who desire to adopt her. Id. at 11-12. The foster parents have already adopted five children, one of whom is J.T.'s older sister. Id. at 10. J.T.'s physical, emotional, and developmental needs are being met by the foster parents. J.T. and her foster parents share a parent-child bond. Id. at 11.
¶ 5 By decree dated March 30, 2009, the trial court terminated Mother's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(1) and (b). On April 16, 2009, the Luzerne County Public Defender's Office filed a "nunc pro tunc" notice of appeal on Mother's behalf.[1] Counsel did not include the Rule 1925(b) statement with the filing as required by the recently adopted changes to Pa.R.A.P. 905(a)(2) and Pa.R.A.P. 1925(a)(2)(i).[2] On April 21, 2009, the trial court issued an order directing Appellant to file a 1925(b) statement. On April 29, 2009, this Court issued a Rule to Show Cause Order regarding why the appeal should not be dismissed for failure to file the Rule 1925(b) statement. Mother did not file a response. On May 7, 2009, Mother's counsel filed a statement, wherein, instead of raising errors complained of on appeal, he set forth, in part: "Since it is well settled that the fact finder is the sole determiner of credibility, counsel sees no issue of merit and in fact believes that any appeal here would be totally frivolous. Counsel will be filing a [p]etition to [withdraw in Superior Court." Rule 1925 Statement, 5/7/2009. On May 13, 2009, the trial court issued a Rule 1925(a) opinion.
¶ 6 Initially we must decide whether counsel followed the proper procedure. Recently adopted Rule 1925(c)(4),[3] creates an exception to the general rule of waiver in criminal cases when counsel files a brief pursuant to Anders. In such an instance a concise statement of errors complained of is not required. Rather, counsel "may file of record and serve on the judge a statement of intent to file" an Anders brief "in lieu of filing a Statement." If upon review of the advocate's brief required by Anders,[4] the appellate court believes that *774 there are arguably meritorious issues for review, those issues are not waived. Instead the appellate court may remand for filing a concise statement of errors complained of, an opinion pursuant to Rule 1925(a), or both.
¶ 7 Because the Anders procedure has been engrafted onto parental termination cases by In re V.E. and J.E., 417 Pa.Super. 68, 611 A.2d 1267, 1275 (1992), counsel's decision to follow the Rule 1925(c)(4) procedure in this parental termination case was proper. In so holding, we ensure symmetry of Anders procedure in both the criminal and parental termination contexts.
¶ 8 On May 22, 2009, counsel for Mother filed an Anders brief. On May 27, 2009, counsel filed a petition for leave to withdraw as counsel. On June 5, 2009, this Court directed counsel to file an amended Anders brief, which he filed on June 10, 2009.
¶ 9 On April 16, 2009, when Appellant filed the notice of appeal, Pennsylvania Rule of Appellate Procedure 1925 had been amended to require that in a Children's Fast Track appeal the Rule 1925(b) statement had to be filed and served with the notice of appeal. Pa.R.A.P. 1925(a)(2). Appellant did not do so.[5] Appellant's statement of intent to file an Anders brief was not filed until May 9, 2009. Therefore, we must consider whether the untimely filing precludes appellate review.
¶ 10 In Commonwealth v. Lord, 553 Pa. 415, 719 A.2d 306 (1998), the Supreme Court of Pennsylvania stated that Rule 1925(b) established a clear rule for waiver as it stated that any issues not raised in a court-ordered Rule 1925(b) statement will be considered waived on appeal. In Commonwealth v. Butler, 571 Pa. 441, 812 A.2d 631 (2002), the Supreme Court held that this waiver is automatic and applies regardless of whether the opposing party raises the waiver issue and regardless of whether the trial court issued an opinion addressing the issues on appeal.[6]
¶ 11 In Commonwealth v. Burton, 973 A.2d 428 (Pa.Super.2009) (en banc), this court, based on a recent amendment of Rule 1925, held that in criminal cases late filing of the statement of errors complained of does not mandate a finding of waiver. The Burton decision is premised on the concept that late filing is per se ineffectiveness of counsel. The client should not be penalized by dismissal of his appeal as a result of deprivation of his constitutional right to effective counsel.
¶ 12 The unique nature of parental termination cases has long been recognized by the Supreme Court of Pennsylvania. Thus, In re Adoption of R.I., 455 Pa. 29, 312 A.2d 601 (1973), the Supreme Court held that an indigent parent in a termination of parental rights case has a constitutional right to counsel. The right to counsel in parental termination cases is the right to effective assistance of counsel even though the case is civil in nature. In re Adoption of T.M.F., 392 Pa.Super. 598, 573 A.2d 1035 (1990) (en banc); see also, In the Interest of S.W., 781 A.2d 1247 (Pa.Super.2001). However, this right is more limited than that in criminal cases, as claims of ineffective assistance of counsel *775 must be raised on direct appeal. We then review the record as a whole to determine whether or not the parties received a "fundamentally fair" hearing; a finding that counsel was ineffective is made only if the parent demonstrates that counsel's ineffectiveness was "the cause of the decree of termination." T.M.F., 573 A.2d at 1044; see also, S.W., 781 A.2d at 1249. If late filing of the 1925 statement waived Mother's appeal rights in this case, there has been per se ineffectiveness of counsel just as there was for the appellant in Burton. We conclude that, as in Burton, in parental termination cases a late filing of a required 1925 statement does not mandate a finding of waiver.[7]
¶ 13 Upon review of the Anders brief, we agree with counsel that the appeal in the instant matter is frivolous.[8] The standard and scope of review applicable in termination of parental rights cases are as follows:
When reviewing an appeal from a decree terminating parental rights, we are limited to determining whether the decision of the trial court is supported by competent evidence. Absent an abuse of discretion, an error of law, or insufficient evidentiary support for the trial court's decision, the decree must stand. Where a trial court has granted a petition to involuntarily terminate parental rights, this Court must accord the hearing judge's decision the same deference that [we] would give to a jury verdict. We must employ a broad, comprehensive review of the record in order to determine whether the trial court's decision is supported by competent evidence.
In re B.L.W., 843 A.2d 380, 383 (Pa.Super.2004) (en banc), appeal denied, 581 Pa. 668, 863 A.2d 1141 (2004) (internal citations omitted).
Furthermore, we note that the trial court, as the finder of fact, is the sole determiner of the credibility of witnesses and all conflicts in testimony are to be resolved by [the] finder of fact. The burden of proof is on the party seeking termination to establish by clear and convincing evidence the existence of grounds for doing so.
The standard of clear and convincing evidence means testimony that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitation, of the truth of the precise facts in issue. We may uphold a termination decision if any proper basis exists for the result reached. If the court's findings are supported by competent evidence, we must affirm the court's decision, even if the record could support an opposite result.
In re Adoption of K.J., 936 A.2d 1128, 1131-1132 (Pa.Super.2007), appeal denied, 597 Pa. 718, 951 A.2d 1165 (2008) (internal citations omitted).
¶ 14 Termination of parental rights is controlled by Section 2511 of the Adoption Act. In re L.M., 923 A.2d 505, 511 (Pa.Super.2007) (citing 23 Pa.C.S.A. § 2511).
Our case law has made clear that under Section 2511, the court must engage in a bifurcated process prior to terminating parental rights. Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's *776 conduct satisfies the statutory grounds for termination delineated in Section 2511(a). Only if the court determines that the parent's conduct warrants termination of his or her parental rights does the court engage in the second part of the analysis pursuant to Section 2511(b): determination of the needs and welfare of the child under the standard of best interests of the child. One major aspect of the needs and welfare analysis concerns the nature and status of the emotional bond between parent and child, with close attention paid to the effect on the child of permanently severing any such bond.
Id. (citations omitted). It is well-established that, in a termination of parental rights case, the trial court is required to consider "whatever bonds may exist between the children and [a]ppellant, as well as the emotional effect that termination will have upon the children." In re Adoption of A.C.H., 803 A.2d 224, 229 (Pa.Super.2002) (quoting In re Adoption of A.M.R., 559 Pa. 422, 741 A.2d 666 (1999) (citations omitted)). See In re T.F., 847 A.2d 738 (Pa.Super.2004); In re Termination of C.W.S.M. and K.A.L.M.-S., 839 A.2d 398 (Pa.Super.2003).
¶ 15 Instantly, the trial court terminated Mother's parental rights on the following grounds:
§ 2511. grounds for involuntary termination
(a) General Rule.The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:
(1) The parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties.
(B) Other considerations.The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.
23 Pa.C.S.A. § 2511(a)(1), (b).[9]
¶ 16 Parental rights may be terminated pursuant to Section 2511(a)(1) "if the parent either demonstrates a settled purpose of relinquishing parental claim to a child or fails to perform parental duties." In re C.M.S., 832 A.2d 457, 462 (Pa.Super.2003), *777 appeal denied, 580 Pa. 687, 859 A.2d 767 (2004) (emphasis added). Our Supreme Court has stated that parental duty "is best understood in relation to the needs of a child." In re Burns, 474 Pa. 615, 379 A.2d 535, 540 (1977).
A child needs love, protection, guidance, and support. These needs, physical and emotional, cannot be met by a merely passive interest in the development of the child. Thus, this court has held that the parental obligation is a positive duty which requires affirmative performance. This affirmative duty encompasses more than a financial obligation; it requires continuing interest in the child and a genuine effort to maintain communication and association with the child....
Id.; see also In re C.M.S., supra.
Once the evidence establishes a failure to perform parental duties or a settled purpose of relinquishing parental rights, the court must engage in three lines of inquiry: (1) the parent's explanation for his or her conduct; (2) the post-abandonment contact between parent and child; and (3) consideration of the effect of termination of parental rights on the child pursuant to Section 2511(b).
In re Adoption of Charles E.D.M., 550 Pa. 595, 708 A.2d 88, 92 (1998).
¶ 17 In this case, CYS filed a petition for the involuntary termination of Mother's parental rights on January 30, 2009. The operative period for the application of section 2511(a)(1) is the six-month period preceding the filing of the petition, i.e. July 30, 2008, through January 30, 2009.
¶ 18 The trial court found that CYS proved by clear and convincing evidence that Mother evidenced a settled purpose of relinquishing her parental claim and failed to perform her parental duties. Further, the trial court found that CYS proved by clear and convincing evidence that termination of Mother's parental rights serves the needs and welfare of J.T. Trial Court Opinion, 5/13/2009, at 3. In addition, the court concluded as follows:
With regard to [Mother's] explanation for her conductthere has been no explanation; [Mother] failed to appear (after personal service) to provide any testimony. Furthermore, there has been no post-abandonment (January, 2008) contact between J.T. and ... [M]other.
Id. at 4-5.
¶ 19 Competent record evidence supports the decree terminating Mother's parental rights pursuant to Sections 2511(a)(1) and (b). Mother last visited with J.T. on January 22, 2008. She has not contacted the child or inquired as to her welfare since that time. The record reveals Mother was personally served with the termination petition and notice of the hearing date, but she failed to appear at the hearing. Further, there in no record evidence of a bond between J.T. and Mother. A parent-child bond exists between J.T. and her foster parents, who wish to adopt her.
¶ 20 Decree AFFIRMED; counsel's petition for leave to withdraw is GRANTED; Jurisdiction RELINQUISHED.
NOTES
[1] It is unclear why counsel filed a nunc pro tunc notice of appeal, as the appeal was timely filed on April 16, 2009.
[2] The recently adopted Rules of Appellate Procedure governing Children's Fast Track appeals, effective March 16, 2009, require a concise statement of errors complained of on appeal to be filed with the notice of appeal and served in compliance with Rule 1925(b)(1). See Pa.R.A.P. 102 (an appeal from any order involving termination of parental rights is designated as a Children's Fast Track appeal); see also Pa.R.A.P. 905(a)(2); Pa.R.A.P. 1925(a)(2)(i).
[3] In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an Anders/McClendon brief in lieu of filing a Statement. If, upon review of the Anders/McClendon brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel. Pa.R.A.P. 1925(c)(4).
[4] See In re V.E. and J.E., 417 Pa.Super. 68, 611 A.2d 1267, 1275 (1992)("... any motion to withdraw representation [in a termination case] ... must be accompanied by an advocate's brief ....") (emphasis added).
[5] We are cognizant of the fact that the changes to Rule 1925 had only been in effect for approximately thirty days at the time counsel filed the appeal.
[6] In the instant matter, Luzerne County Children and Youth has not raised the waiver issue and the trial court did issue an opinion addressing the merits of the appeal.
[7] We wish to make clear that our holding is limited to termination of parental rights cases and we make no comment on the effect of a late filing of a required 1925(b) statement in other types of Children's Fast Track cases.
[8] Counsel has specifically complied with all the requirements of Anders. See Commonwealth v. Santiago, 978 A.2d 349 (Pa.2009).
[9] The Adoption and Safe Families Act, 42 U.S.C. § 671-675, imposes upon states the requirement to focus on the child's needs for permanency rather than the parent's actions and inactions. The amendments to the Juvenile Act, 42 Pa.C.S. § 6301, et seq., provide that a court shall determine certain matters at the permanency hearing, including whether the child has been placed into foster care for 15 out of the last 22 months. See 42 Pa.C.S. § 6351(f)(9). With regard to permanency planning, the Legislature contemplated that, after reasonable efforts have been made to reestablish the biological relationship, the process of the agency working with foster care institutions to terminate parental rights should be completed within eighteen months. See In re N.W., 859 A.2d 501, 508 (Pa.Super.2004). The time requirement of the Adoption and Safe Families Act, as incorporated in the Juvenile Act, was satisfied in this case.