J-S18018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: J.K.L.S., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.S., MOTHER | No. 1674 MDA 2015 |

Appeal from the Decree August 31, 2015
In the Court of Common Pleas of Dauphin County
Orphans' Court at No(s): 55-AD-2015
CP-22-DP-0000154-2013

BEFORE:  BOWES, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 22, 2016**

J.S. (Mother) appeals from the order and decree confirming the adoption of J.K.L.S. (Child), born in November 2013, and terminating Mother's parental rights to Child, following Mother's execution of a Consent to Adoption.[1]  **See** 23 Pa.C.S.A. § 2504 (Alternative Procedure for Relinquishment).[2]  Counsel for Mother has filed a motion to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Mother was unable to identify Child's father.  On February 5, 2015, the court entered an order finding aggravated circumstances against Unknown Father pursuant to 42 Pa.C.S.A. § 6302 (identity unknown, could not be ascertained and parent did not claim child within three months of date child was taken into custody).  **See** N.T. Hearing, 8/31/15, at 6-7.

[2] Section 2504(a) provides:

> **(a)  Petition to confirm consent to adoption**.--If the parent or parents of the child have executed consents to an adoption, upon petition by the intermediary or, where

*(Footnote Continued Next Page)*

Counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and their progeny, in lieu of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[3]   After our review, we affirm the trial court's order and grant counsel's petition to withdraw.

Child tested positive for phencyclidine (PCP) at birth.  As a result, Dauphin County Children and Youth Agency (the "Agency") received a referral and developed a safety plan, whereby maternal grandmother would assume responsibility for Child and provide 24-hour supervision of Mother with Child.  On September 28, 2014, Mother executed a Consent to Adoption pursuant to 23 Pa.C.S.A. § 2711.   Three months later, Mother was sentenced to 14 to 18 months' incarceration as a result of prior drug charges.  On January 2, 2015, Child was adjudicated dependent and placed

---

*(Footnote Continued)* —————————

there is no intermediary, by the adoptive parent, the court shall hold a hearing for the purpose of confirming a consent to an adoption upon expiration of the time periods under section 2711 (relating to consents necessary to adoption). The original consent or consents to the adoption shall be attached to the petition.

[3] **See** Pa.R.A.P. 1925(c)(4) (in criminal case, counsel may file of record and serve on judge a statement of intent to file **Anders**/**McClendon** brief in lieu of filing Rule 1925(b) Statement); **see also Interest of J.T.**, 983 A.2d 771 (Pa. Super. 2009) (holding **Anders** procedure set forth in Rule 1925(c)(4) is proper in termination of parental rights case).  Counsel has complied with the requirements of **Anders**/**MClendon**, as well as **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009); **see also Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010).

in the custody of the Agency. Child remained with maternal grandmother, who is a permanent resource.

On July 24, 2015, the Agency filed a Petition to Confirm Consent to Adoption and a Petition for Goal Change to Adoption and Involuntary Termination of Mother's Parental Rights. The court held a hearing on August 31, 2015, and, thereafter, entered an order granting the Agency's petitions. On appeal, Mother claims the trial court erred in not finding that Mother had revoked her consent to adoption.

When reviewing an order terminating parental rights, our scope of review is comprehensive: we consider all the evidence presented as well as the trial court's factual findings and legal conclusions. *In re L.M.*, 923 A.2d 505, 511 (Pa. Super. 2007). However, our standard of review is narrow: we will reverse the trial court's order only if we conclude that the trial court abused its discretion, made an error of law, or lacked competent evidence to support its findings. The trial judge's decision is entitled to the same deference as a jury verdict. *Id. See also In re M.G.*, 855 A.2d 68, 73–74 (Pa. Super. 2004).

Section 2711(c) provides in relevant part:

**(c) Validity of consent.**--No consent shall be valid if it was executed prior to or within 72 hours after the birth of the child. A putative father may execute a consent at any time after receiving notice of the expected or actual birth of the child. Any consent given outside this Commonwealth shall be valid for purposes of this section if it was given in accordance with the laws of the jurisdiction where it was executed. *A consent to an adoption may only be revoked as set forth in this subsection. The revocation of a consent shall be in writing*

- 3 -

> ***and shall be served upon the agency or adult to whom the child was relinquished. The following apply:***
>
> > (1) Except as otherwise provided in paragraph (3):
> >
> > > (i) For a consent to an adoption executed by a birth father or a putative father, the consent is irrevocable more than 30 days after the birth of the child or the execution of the consent, whichever occurs later.
> > >
> > > ***(ii) For a consent to an adoption executed by a birth mother, the consent is irrevocable more than 30 days after the execution of the consent.***
> >
> > ***(2) An individual may not waive the revocation period under paragraph (1).***
> >
> > (3) Notwithstanding paragraph (1), the following apply:
> >
> > > ***(i) An individual who executed a consent to an adoption may challenge the validity of the consent only by filing a petition alleging fraud or duress*** within the earlier of the following time frames:
> > >
> > > > (A) Sixty days after the birth of the child or the execution of the consent, whichever occurs later.
> > > >
> > > > (B) Thirty days after the entry of the adoption decree.
> > >
> > > (ii) A consent to an adoption may be invalidated only if the alleged fraud or duress under subparagraph (i) is proven by:
> > >
> > > > (A) a preponderance of the evidence in the case of consent by a person 21 years of age or younger; or
> > > >
> > > > (B) clear and convincing evidence in all other cases.

23 Pa.C.S.A. § 2711(c) (emphasis added).

At the hearing on the Agency's petitions, caseworker Kelly Colbey testified that Mother signed the Consent to Adoption on September 18,

- 4 -

2014, prior to her incarceration. N.T. Hearing, 8/31/15, at 5-8. Colbey testified that she received no communication from Mother within 30 days of September 18, 2014, that would indicate an intention to revoke consent. *Id.* at 6.

Mother testified at the hearing by telephone. She stated that when her caseworker came to visit her at Dauphin County Prison, she "told her I didn't want to go through with that[.]" N.T. Hearing, 8/31/15, at 10. However, this was well after the 30-day period expired on October 18, 2014, since Mother was not incarcerated until late December 2014. *See* 23 Pa.C.S.A. § 2711(c)(1)(i). Further, Mother testified on cross-examination that she wrote a letter to her caseworker seeking to revoke consent and work toward reunification, but acknowledged that this was about ten months after she had signed the Consent to Adoption. N.T. Hearing, 8/31/15, at 12-13.

Section 2711(c)(1)(ii) explicitly states that for a consent to an adoption executed by a birth mother, "the consent is irrevocable more than 30 days after the execution of the consent." 23 Pa.C.S.A. § 2711(c)(1)(ii). As Mother has not alleged or proven fraud or duress, and has not revoked her consent, in writing, within 30 days of the consent, Mother has not complied with the requirements to revoke consent. We find no error or abuse of discretion. *L.M.*, *supra*.

Order and decree affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/22/2016