J-S42015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN RE: THE ADOPTION OF H.O. AND L.D., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellees | |
| APPEAL OF: J.O., NATURAL FATHER | |
| | No. 27 WDA 2016 |

Appeal from the Decree December 3, 2015
In the Court of Common Pleas of Erie County
Orphans' Court at No(s): No. 65A, 65 in Adoption 2015

BEFORE:  SHOGAN, OTT, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY SHOGAN, J.:          **FILED MAY 4, 2016**

Appellant, J.O. ("Father"), appeals from decrees entered on December 3, 2015, in the Erie County Court of Common Pleas that terminated his parental rights to his minor children L.D. and H.O.[1]  Upon review, we conclude that it is necessary to remand this matter to the orphans' court for the preparation of a Pa.R.A.P. 1925(a) opinion.

After the entry of the decrees terminating Father's parental rights on December 3, 2015, Father filed a timely appeal.  Contained within Father's notice of appeal at orphans' court docket numbers 65 in Adoption 2015 and

_____

[*]  Former Justice specially assigned to the Superior Court.

[1]  Father's duplicative *pro se* appeal at 36 WDA 2016 was dismissed by this Court *sua sponte* in an order filed on February 19, 2016.

65A in Adoption 2015 was a statement of counsel's intention to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967)[2] and Pa.R.A.P.1925(c)(4). ***See In the Interest of J.T.***, 983 A.2d 771, 772 (Pa. Super. 2009) (applying ***Anders*** procedures and Pa.R.A.P. 1925(c)(4) to appeals involving the termination of parental rights). On March 4, 2016, counsel filed an ***Anders*** brief, and on March 7, 2016, counsel filed a petition to withdraw.

Following the filing of the appeal, the orphans' court informed this Court that it would not draft an opinion because counsel sought to withdraw. Letter, 1/29/16. We caution that the filing of a statement of intent to withdraw as counsel pursuant to ***Anders*** and Pa.R.A.P.1925(c)(4) does not relieve the orphans' court of its duty to provide the rationale for its decision under Pa.R.A.P. 1925(a)(2).

Due to the permanency of an order involuntarily terminating parental rights, and because the orphans' court's rationale for termination under 23 Pa.C.S. § 2511(a) and (b) is so cursory in the notes of testimony,[3] we are constrained to remand for a thorough opinion. Accordingly, we remand this

---

[2]   ***Anders*** sets forth the requirements for counsel to withdraw from representation on direct appeal. ***See also Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

[3]   N.T., 12/3/15, at 22-23.

case, and direct the orphans' court to file a Pa.R.A.P. 1925(a) opinion no later than fourteen days from the date of this decision.[4]

Case remanded. Jurisdiction retained.[5]

_____

[4] This accelerated time frame is due to the nature of this case. **_See  In re T.S.M._**, 71 A.3d 251, 269 (Pa. 2013) (noting "the ticking clock of childhood" and "the need  to expedite children's placement in permanent, safe, stable, and loving homes").

[5] We will address counsel's petition to withdraw after remand.  Accordingly, Patrick W. Kelley, Esquire, remains Father's counsel of record.