J-S76001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN RE: ADOPTION OF H.B.M.Y., A   :    IN THE SUPERIOR COURT OF
MINOR                          :        PENNSYLVANIA
                                   :
                                   :
                                   :
                                   :
                                   :
                                   :
APPEAL OF: M.Y., MOTHER         :    No. 1543 EDA 2016

Appeal from the Decree April 22, 2016
In the Court of Common Pleas of Monroe County
Orphans' Court at No:  12 O.C.A. 2016

BEFORE:  STABILE, DUBOW, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:            **FILED NOVEMBER 07, 2016**

M.Y. ("Mother") appeals from the decree entered April 22, 2016, in the Court of Common Pleas of Monroe County, which involuntarily terminated her parental rights to her minor son, H.B.M.Y. ("Child").[1]  After careful review, we vacate in part and remand for further proceedings.

We glean the relevant factual and procedural history of this matter from the certified record.  Child was born in Nyack, New York, in June of 2013.  Shortly after Child's birth, Mother and Father placed Child in the care his paternal grandmother, D.Y., and his paternal step-grandfather, J.B.V. (collectively, "the Grandparents"), who reside in Monroe County,

---

* Former Justice specially assigned to the Superior Court.

[1] The decree also terminated the parental rights of Child's father, D.Y. ("Father").  Father has not filed a brief in connection with this appeal, nor has he filed his own separate appeal.

Pennsylvania. Child has remained in the care of the Grandparents since that time.

On March 11, 2016, the Grandparents filed a petition to involuntarily terminate Mother's parental rights to Child. In their petition, the Grandparents averred that Mother is incarcerated, and that she has had no recent contact with Child. The orphans' court held a termination hearing on April 18, 2016. While Mother received notice of the termination hearing, the record does not reveal that the orphans' court appointed counsel for Mother, or that Mother was advised that she could request court-appointed counsel. Mother did not appear at the hearing or participate in any way. Following the termination hearing, on April 22, 2016, the orphans' court entered a decree involuntarily terminating Mother's parental rights to Child.

On May 18, 2016, Mother timely filed a *pro se* notice of appeal. Mother included a letter with her notice of appeal, in which she averred that she was unable to afford counsel, and asked that counsel be appointed for her on appeal.[2] The orphans' court entered an order on May 20, 2016, granting Mother *in forma pauperis* status, but denying her request for

---

[2] Mother also challenged the findings of fact accompanying the subject termination decree, and claimed that she had expected to appear in court to advocate on her own behalf during the termination hearing. The orphans' court interpreted Mother's letter as a concise statement of errors complained of on appeal, and responded by filing a brief statement pursuant to Pa.R.A.P. 1925(a).

counsel, because "no such right exists in this type of appeal."  Order, 5/20/2016.

On June 7, 2016, this Court entered a *per curiam* order directing the orphans' court to determine whether Mother qualifies for court-appointed counsel and, if so, to appoint counsel for Mother.  The orphans' court appointed counsel for Mother on June 9, 2016.

Mother now raises the following issues for our review.

A. Did the [orphans'] court err and abuse its discretion by failing to give Mother notice that she was required to make application to participate by telephone in the hearing held on whether to terminate her parental rights?

B. Did the [orphans'] court err and abuse its discretion by failing to provide notice to Mother of her right to have representation at [the] hearing regarding termination of her parental rights?

Mother's Brief at 10 (unnecessary capitalization and suggested answers omitted).

We consider Mother's issues mindful of our well-settled standard of review.

The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record.  If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion.  A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will.  The trial court's decision, however, should not be reversed merely because the record would support a different result.  We have previously emphasized our deference to trial courts that often have first-hand observations of the parties spanning multiple hearings.

*In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (citations and quotation marks omitted).

We first address Mother's second issue on appeal, in which she argues that the orphans' court erred by failing to advise her of her right to counsel. *See* Mother's Brief at 16-17.

Termination of parental rights is governed by the Adoption Act, 23 Pa.C.S.A. §§ 2101-2938. The appointment of counsel in involuntary termination proceedings is governed by Section 2313(a.1) of the Act, which provides as follows.

> **(a.1) Parent.--**The court shall appoint counsel for a parent whose rights are subject to termination in an involuntary termination proceeding if, upon petition of the parent, the court determines that the parent is unable to pay for counsel or if payment would result in substantial financial hardship.

23 Pa.C.S.A. § 2313(a.1).

We find instructive this Court's decision in *In re X.J.*, 105 A.3d 1 (Pa. Super. 2014). In that case, an appellant mother's parental rights were terminated following a hearing during which she did not appear. *Id.* at 3. The orphans' court in *In re X.J.* did not appoint counsel for the appellant mother, nor was the appellant mother notified that she could request counsel. *Id.* at 5. In addition, the record did not indicate that the appellant mother was served with any of the filings in the termination proceeding, other than the decree terminating her parental rights. *Id.* at 5-6.

On appeal, a panel of this Court vacated the termination decree. This Court observed that indigent parents in involuntarily termination proceedings

- 4 -

have a constitutional right to counsel. *Id.* at 4 (citing *In re J.T.*, 983 A.2d 771, 774 (Pa. Super. 2009)). While this Court acknowledged that Section 2313(a.1) requires that parents file a petition in order to receive counsel, we concluded that the orphans' court erred by failing to advise the appellant mother that she could file a petition. *Id.* at 4-5. This Court held that it was necessary to raise the issue *sua sponte*, and remand the case to the orphans' court so that it could correct its mistake. *Id.* at 4. (citing *Commonwealth v. Stossel*, 17 A.3d 1286, 1290 (Pa. Super. 2011)).

Similarly, our review of the record in the instant matter does not reveal that Mother ever was advised of her right to counsel. To the contrary, the record indicates that the orphans' court did not believe that Mother had a right to counsel, and that the court even refused to appoint counsel for Mother on appeal.[3]

Accordingly, we must vacate the portion of the April 22, 2016 decree terminating Mother's parental rights, and remand this matter to the orphans' court for a new termination hearing, which shall be held within 30 days of the orphans' court's receipt of the original record. Prior to the hearing, "the orphans' court shall advise Mother of her counsel rights, appoint counsel for

---

[3] Because we conclude that this issue is dispositive of Mother's appeal, we need not address Mother's additional argument that the orphans' court erred by failing to advise her that she needed to file an application in order to participate in the termination hearing by telephone. *See* Mother's Brief at 14-15.

Mother, or affirmatively determine that Mother does not qualify for counsel."

*Id.* at 7.

Decree vacated in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/7/2016