J-S92014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE MATTER OF: THE ADOPTION OF G.T., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| APPEAL OF: A.T., NATURAL FATHER | |
| | No. 941 WDA 2016 |

Appeal from the Decree May 27, 2016
In the Court of Common Pleas of Erie County
Orphans' Court at No(s): 97 In Adoption 2015

BEFORE:  SHOGAN, MOULTON, and STRASSBURGER,[*] JJ.

JUDGMENT ORDER BY SHOGAN, J.:          **FILED DECEMBER 16, 2016**

Appellant, A.T. ("Father") appeals from the decree entered on May 27, 2016, in the Erie County Court of Common Pleas that terminated his parental rights to his minor child G.T. ("Child"), born in March 2008.   Upon review, it is necessary to remand this matter to the orphans' court for the preparation of a Pa.R.A.P. 1925(a) opinion.

After the entry of the decree terminating Father's parental rights on May 27, 2016, Father filed a timely appeal.[1]   Contained within Father's

---

[*]  Retired Senior Judge assigned to the Superior Court.

[1]   Father's notice of appeal was due by June 26, 2016, which fell on a Sunday.  Father's notice, filed the next day on June 27, 2016, therefore was
*(Footnote Continued Next Page)*

notice of appeal was a statement of counsel's intention to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).[2] *See In the Interest of J.T.*, 983 A.2d 771, 772 (Pa. Super. 2009) (applying *Anders* procedure and Pa.R.A.P. 1925(c)(4) to appeals involving the termination of parental rights). On September 2, 2016, counsel filed an *Anders* brief, and on September 6, 2016, counsel filed a petition to withdraw and an amended petition on September 26, 2016.

By letter dated July 13, 2016, the orphans' court informed this Court that it would not draft an opinion because counsel sought to withdraw. Letter, 7/13/16. We caution that the filing of a statement of intent to withdraw as counsel pursuant to *Anders* and Pa.R.A.P.1925(c)(4) does not relieve the orphans' court of its duty to provide the rationale for its decision under Pa.R.A.P. 1925(a)(2).

Due to the permanency of an order involuntarily terminating parental rights, and because the orphans' court's rationale for termination under 23 Pa.C.S. § 2511(a) and (b) is cursory in the notes of testimony,[3] we are constrained to remand for a thorough opinion. Accordingly, we remand this

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

timely filed. 1 Pa.C.S. § 1908 (when thirtieth day of appeal period falls on a Saturday or Sunday, those days are excluded from computation).

[2] *Anders* sets forth the requirements for counsel to withdraw from representation on direct appeal. *See also Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

[3] N.T., 5/27/16, at 84–85.

case and direct the orphans' court to file a Pa.R.A.P. 1925(a) opinion containing detailed findings of fact and conclusions of law forthwith. The opinion shall be filed no later than thirty days from the date of this Judgment Order.

Case remanded. Panel jurisdiction retained.[4]

---

[4] Noting that Father has not filed a *pro se* response to the amended application to withdraw as counsel, we will address counsel's petition to withdraw after remand. Accordingly, Kari A. Froess, Esquire, remains Father's counsel of record.