J-S92029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE MATTER OF: S.L.W. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: C.W., NATURAL FATHER | No. 1082 WDA 2016 |

Appeal from the Decree June 10, 2016
In the Court of Common Pleas of Erie County
Orphans' Court at No(s): No. 63 in Adoption 2014

BEFORE:  SHOGAN, J., MOULTON, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY MOULTON, J.:          **FILED JANUARY 4, 2017**

C.W. ("Father") appeals from the decree entered on June 10, 2016, in the Erie County Court of Common Pleas terminating his parental rights to his minor child, S.L.W. ("Child"), born in June 2014.  We remand this matter to the orphans' court for the preparation of an opinion pursuant Pennsylvania Rule of Appellate Procedure 1925(a).

On June 10, 2016, the trial court entered a decree terminating Father's parental rights.  On July 7, 2016, Father's counsel filed a timely appeal and a statement of intention to file a brief pursuant to **Anders v. California**, 386

_____

[*] Retired Senior Judge assigned to the Superior Court.

U.S. 738 (1967).[1]  *See In the Interest of J.T.*, 983 A.2d 771, 772 (Pa.Super. 2009) (applying *Anders* procedure and Pa.R.A.P. 1925(c)(4)[2] to appeals involving termination of parental rights).  On September 27, 2016, counsel filed an *Anders* brief and a petition to withdraw as counsel.

By letter dated August 1, 2016, the orphans' court informed this Court that it would not be submitting an opinion pursuant to Rule 1925(a) because counsel filed a statement of intent to file an *Anders* brief.  Letter, 8/1/16. We caution that the filing of a statement of intent to withdraw as counsel pursuant to *Anders* and Rule 1925(c)(4) does not relieve the orphans' court of its duty to provide the rationale for its decision under Rule 1925(a)(2).

Due to the permanency of an order involuntarily terminating parental rights, and because the orphans' court's rationale for termination under 23 Pa.C.S. § 2511(a) and (b) is cursory in the notes of testimony,[3] we are constrained to remand for a thorough opinion.  Accordingly, we remand this case and direct the orphans' court to file a Rule 1925(a) opinion containing

---

[1] *Anders* sets forth the requirements for counsel to withdraw from representation on direct appeal.  *See also Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

[2] Rule 1925(c)(4) provides:  "In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an *Anders/McClendon* brief in lieu of filing a Statement."

[3] N.T., 6/10/16, at 55-56.

detailed findings of fact and conclusions of law no later than thirty days from the date of this Judgment Order.

Case remanded.  Panel jurisdiction retained.[4]

---

[4] Father has not filed a *pro se* response to the application to withdraw as counsel.  We will address counsel's petition to withdraw after remand. Emily Merski, Esquire remains Father's counsel of record.