J-S01002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: B.A.M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: N.P., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1298 MDA 2020 |

Appeal from the Decree Entered September 3, 2020
In the Court of Common Pleas of Tioga County Orphans' Court at No(s):
No. 95 O.C. 2019

| | | |
|---|---|---|
| IN RE: A.J.B.M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: N.P., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1299 MDA 2020 |

Appeal from the Decree Entered September 3, 2020
In the Court of Common Pleas of Tioga County Orphans' Court at No(s):
No. 96 O.C. 2019

| | | |
|---|---|---|
| IN RE: M.D.M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: N.P., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1300 MDA 2020 |

Appeal from the Decree Entered September 3, 2020
In the Court of Common Pleas of Tioga County Orphans' Court at No(s):
No. 97 O.C. 2019

BEFORE:    LAZARUS, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED FEBRUARY 05, 2021**

N.P. (Mother) appeals from the trial court's decrees involuntarily terminating her parental rights to her three minor children, B.A.M. (born 6/2015), A.J.B.M. (born 6/2017), and M.D.M. (born 8/2018) (collectively, Children).[1]  After careful review, we remand for the filing of either a proper advocate's brief or a petition to withdraw and accompanying **Anders**/**Santiago**[2] brief.  **See In re J.T.**, 983 A.2d 771 (Pa. Super. 2009) (applying **Anders** procedure and Pa.R.A.P. 1925(c)(4)[3] to appeals involving termination of parental rights).

The Tioga County Department of Human Services (DHS) filed a delinquency petition with regard to Children, alleging that Mother had significant issues related to parenting, mental health and substance abuse. On January 11, 2019, Children were adjudicated delinquent and placed in foster care.  It was recommended that Mother participate in a dual-purpose in-patient substance abuse and mental health treatment program, several

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Children's natural father, J.M. consented to the termination of his parental rights, which was confirmed by the trial court on June 23, 2020.  He is not a party to this appeal.

[2] **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[3] **See** Pa.R.A.P. 1925(c)(4) (statement of intent to file **Anders** brief in lieu of filing concise statement of errors complained of on appeal).

parenting programs, and complete a psychological examination. The goal remained reunification.

After almost one year of providing services to Mother in order to reunify her with Children, DHS filed petitions to involuntarily terminate Mother's parental rights to Children on December 11, 2019; the petitions sought termination pursuant to subsections 2511(a)(1), (2), and (8)[4] of the Adoption Act.[5] Termination hearings were held on June 30, 2020, July 23, 2020, and September 1, 2020.[6] The delay between the final two hearings was attributed to Mother checking herself into a Tioga County hospital due to an outstanding warrant for emergency mental health treatment (302 Warrant).[7] On

---

[4] Notably, DHS' petition does not mention that termination should be granted with regard to subsection 2511(b)—a necessary component of the bifurcated legal analysis required to terminate parental rights under the Adoption Act. **See In re C.P.**, 901 A.2d 516, 520 (Pa. Super. 2006) (party seeking termination of parental rights bears burden of proving by clear and convincing evidence that at least one of eight grounds for termination under 23 Pa.C.S. § 2511(a) exists **and that termination promotes emotional needs and welfare of child set forth in 23 Pa.C.S. § 2511(b)**) (emphasis added).

[5] 23 Pa.C.S. §§ 2101-2938.

[6] At the termination hearings, Children were represented by guardians *ad litem* as well as legal counsel. **See** 23 Pa.C.S. § 2313(a) (children have statutory right to counsel in contested involuntary termination proceedings) and **In re K.R.**, 200 A.3d 969 (Pa. Super. 2018) (en banc), **but see In Re: T.S., E.S.**, 192 A.3d 1080, 1092 (Pa. 2018) ("[D]uring contested termination-of-parental-rights proceedings, where there is no conflict between a child's legal and best interests, an attorney-guardian *ad litem* representing the child's best interests can also represent the child's legal interests.").

[7] **See** 50 Pa.C.S. § 7302(a)(1) (under Mental Health Procedures Act (MPHA), upon written application by physician or other responsible person, warrant

September 3, 2020, the trial court entered three separate decrees involuntarily terminating Mother's parental rights to Children. Mother filed a timely notice of appeal and substantive, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Mother presents the following issues for our consideration:

(1) Whether the [f]indings of the [t]rial [c]ourt support the conclusion that Mother had not made sufficient progress in addressing her mental health issues, parental abilities, and substance abuse issues.

(2) Whether the trial court abuse[d] its discretion in finding there was clear and convincing evidence to support termination under 23 Pa.C.S. [§§] 2511(a)(1), (2), [and] (8).

Appellant's Brief, at 7.

Before addressing the merits of the appeal, we are compelled to note that counsel's brief reads more like an *Anders* brief, rather than one filed by an advocate. For instance, in the argument section of Mother's brief, counsel points out instances of Mother's parenting malfeasance and lack of consistency or progress with her parenting classes. *See* Appellant's Brief, at 13 (Effective Safe Parenting (ESP) caseworker "testified that she observed Mother using a vacuum cleaner and B.[A.]M. managing to place the cord of the device around A.[J.B.]M.'s neck[.]"); *id.* at 13-14 (ESP caseworker "testified that Mother had in the early stages of the case, had been receptive to . . . parenting instruction

---

may issue for emergency examination of individual where facts set forth "reasonable grounds to believe a person is severely mentally disabled and in need of immediate treatment[.]").

- 4 -

. . . **Mother generally did not make progress nor consistently meet with ESP**.") (emphasis added). Moreover, when discussing Mother's mental health and substance abuse issues, counsel's brief points out that an ESP worker testified that she was unsuccessful in her attempts to get Mother to drug test, that Mother revoked her consent to allow DHS to monitor her progress or attendance with mental health counseling, and that ultimately Mother stopped attending recommended counseling. *Id.* at 15-16. Finally, the only portion of counsel's brief that reads anything like a legal argument supporting Mother's position consists of his claim that the court erred in terminating Mother's parental rights by

> not giving the appropriate weight to the efforts of [M]other to rehabilitate herself as a parent and [where the court] instead placed a greater weight on the testimony detailing [Mother's] fail[ures] and her general lack of compliance with addressing her mental health, parental abilities, and substance abuse while not taking in to account appropriate consideration [of] the testimony which stated that Mother **appeared** to be cooperative.

*Id.* at 17-18 (emphasis added). However, after this statement, counsel again acknowledges that Mother was "not consistent, nor successful in implementing the[ lessons she was taught during parenting instruction]." *Id.* at 18.[8]

Under these circumstances, where counsel argues *against* his client's interests, the proper procedure is to request to withdraw. *See In re V.E.*,

---

[8] Again, counsel acknowledges that the cornerstone of this case involves Mother's mental health. While stating that Mother completed a psychological evaluation and eventually checked herself into a hospital for inpatient services, Mother notably revoked her consent to allow DHS to monitor her progress with mental health treatment and only turned herself in as a result of an outstanding 302 warrant. *See supra* at 4.

611 A.2d 1267 (Pa. Super. 1992) (Court extended **Anders** principle to appeals involving termination of parental rights, requiring counsel seeking to withdraw in such an appeal to do so only after conscientious and thorough review of record, petitioning court for leave to withdraw, and submitting **Anders** brief). Moreover, in such cases, counsel should not file a substantive Rule 1925(b) statement, but rather a Rule 1925(c)(4) statement in lieu of a Rule 1925(b) statement, representing that no errors are asserted because counsel is or intends to seek to withdraw.

Accordingly, we are compelled to remand this matter to the trial court. Upon remand, we instruct counsel to either file an amended advocate's brief or a proper **Anders**/**Santiago** brief within 30 days of the date the records are returned to the trial court. If counsel elects to file an **Anders** brief, he shall properly advise Mother of her immediate right to proceed *pro se* or with new counsel, and comply with all attendant requirements for seeking to withdraw.

Case remanded with instructions. Panel jurisdiction retained.