J-S22039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: Z.P.F., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: B.L.F., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 489 MDA 2021 |

Appeal from the Decree Entered January 21, 2021
In the Court of Common Pleas of Schuylkill County Orphans' Court at
No(s): A63-021-20

BEFORE: PANELLA, P.J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:      **FILED: July 30, 2021**

This appeal concerns a decree entered by the Schuylkill County Orphans' Court (trial court) terminating the parental rights of B.L.F. (Father) over the minor child, Z.P.F. (the child). Father contends that the trial court abused its discretion in entering the decree because he had no legal counsel at the time it was entered; he also asserts that the decree should be vacated because the evidence was insufficient to establish that his parental rights should be terminated. Because it is undisputed that Father was uncounseled at the time of termination, we accede to the trial court's request to vacate the decree and

---

[*] Retired Senior Judge assigned to the Superior Court.

remand the case for further proceedings at which new counsel may be appointed.[1]

In 2018, the child was placed with the Schuylkill County Children and Youth Agency (CYS). In 2019, the placement goal for the child was changed from reunification with Father to adoption. The next year, CYS filed a petition to terminate Father's parental rights and a hearing was initially scheduled to take place on July 8, 2020. The trial court continued the hearing and ordered that Father be permitted to retain court-appointed counsel. Two days later, Counsel was appointed to represent Father.

However, Father notified the trial court on August 24, 2020, that he had retained private counsel, and in response, the trial court vacated the order appointing counsel. The hearing on CYS's petition was then continued several times prior to the date on which it was ultimately held, December 29, 2020. A day before that hearing, Father's privately-retained counsel informed the trial court that she would be withdrawing from the case and that Father would be representing himself. That same day, Father contacted the trial court to give notice that his privately-retained counsel was not withdrawing after all.

---

[1] The trial court simultaneously entered a nearly identical decree terminating the parental rights of A.M.K., the child's mother, who has sought review of that decree at appellate docket number 311 MDA 2021. The facts and legal issues of both appeals are identical for present purposes.

For reasons that are not clear from the record, Father did not attend the hearing on December 29, 2020. Neither did Father's privately-retained counsel. The trial court contacted the office of private counsel and was told that counsel was indeed withdrawing. Father did not contact the trial court to explain why he had failed to appear or whether he was represented by an attorney.

Exasperated by the numerous delays of the hearing and the lack of explanation for Father's absence, the trial court went on with the hearing. At the conclusion of the testimony, the trial court entered a decree terminating Father's parental rights pursuant to the Pennsylvania Adoption Act, 23 Pa.C.S. § 2101, *et seq*. Father appealed and the trial court filed a 1925(a) opinion summarizing the procedural history, case facts and applicable law. The trial court analyzed the evidence and concluded that termination was proper under subsections 2511(a)(1), 2511(a)(2), 2511(a)(5), 2511(a)(8), and 2511(b) of the Adoption Act. **See** Trial Court 1925(a) Opinion, 1/21/2021, at 12-20.

In a supplemental 1925(a) opinion filed on March 2, 2021, the trial court addressed additional evidentiary claims raised in Father's 1925(b) statement of issues complained of on appeal. **See** Trial Court Supplemental 1925(a) Opinion, 3/2/2021, at 1-3. The trial court also responded to Father's claim that he was erroneously denied the right to be represented by counsel at the hearing held on December 29, 2020. **See id**. at 2-3. The supplemental

opinion implied that Father waived the right to counsel by failing to appear for the hearing and not giving the court notice of his whereabouts. **See id**.

However, the trial court then filed a second supplemental 1925(a) opinion, requesting this Court to vacate the decree on the ground that it was entered while Father was uncounseled:

> In consideration of the constitutional nature of parental rights, I believe doing so was in error without first ascertaining the status of Father's representation by counsel. I request that the matter be remanded so that current appointed counsel may represent Father at a new hearing even if Father again fails to appear.

Trial Court Second Supplemental 1925(a) Opinion, 5/3/2021, at 2. Father has raised the issue of lack of counsel in his appellate brief. **See** Appellant's Brief, at 13-16.

We agree with Father and the trial court that this case must be remanded for a new hearing on CYS's petition to terminate Father's parental rights.[2] All such proceedings are governed by the Adoption Act, which mandates that the trial court "shall appoint counsel for a parent whose rights are subject to termination in an involuntary termination proceeding if, upon petition of the parent, the court determines that the parent is unable to pay for counsel or if payment would result in substantial financial hardship." 23

---

[2] A parent's improper deprivation of the right to counsel at a termination proceeding is an error of law that a reviewing court is required to correct, regardless of whether the issue has been raised by the appellant. **See generally In re X.J.**, 105 A.3d 1, 4 (Pa. Super. 2014).

Pa.C.S. § 2313(a.1). "[A]n indigent parent in a termination of parental rights case has a constitutional right to counsel[.]" *In re J.T.,* 983 A.2d 771, 774 (Pa. Super. 2009) (citations omitted).

In this case, the circumstances which caused the withdraw of Father's counsel and Father's non-appearance at the hearing are unknown. Counsel did not file a petition to withdraw as required by Pa.R.C.P. 1012,[3] depriving the trial court and Father of formal notice in advance of the hearing that counsel was withdrawing. If that had been done, it would have been clear

---

[3] This procedural rule provides in pertinent part:

> c) Leave of court to withdraw an appearance shall be sought by petition pursuant to subdivision (d) or subdivision (e) as may be applicable.
>
> (d)(1) If the whereabouts of the party on whose behalf the appearance was entered are known, the attorney shall
>
> > (i) set forth the address of that party in the petition.
> >
> > (ii) serve notice of the petition on the party in the manner provided by Rule 440.
> >
> > (iii) file a certificate of service of the notice with the petition, and
> >
> > (iv) immediately notify the party by ordinary mail of the entry of an order granting leave to withdraw. The notice shall include a copy of the order.

Pa.R.C.P. 1012(c)-(d).

why counsel was withdrawing and whether Father was then entitled to court-appointed counsel.

Nonetheless, once counsel informed the trial court of her intent to withdraw on the day of the hearing, Father was again entitled to notice from the court regarding his right to have counsel reappointed. ***See generally In re X.J.***, 105 A.3d 1, 4-5 (Pa. Super. 2014) (vacating termination decree where record did not establish uncounseled parent had received adequate notice of the right to counsel at the termination proceedings). It appears that such notice was not given at that point. Accordingly, as both Father and the trial court have requested, we vacate the decree of termination and remand the case for further proceedings at which Father will receive the benefit of appointed counsel.[4]

Decree Vacated. Case remanded with instructions. Jurisdiction relinquished.

_____

[4] Having disposed of this appeal based on Father's right to representation at the termination hearing, it is unnecessary for this Court to address the merits of the remaining issues raised in Father's appellate brief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/30/2021