J-S54039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: W.M., a Minor Adjudicated Child | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: O.M., SR., Natural Father | : : | No. 160 WDA 2016 |

Appeal from the Decree entered January 13, 2016
In the Court of Common Pleas of Erie County
Civil Division at No(s): 90 of 2014

BEFORE: BENDER, P.J.E., OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED AUGUST 04, 2016**

O.M., Sr. ("Father"), appeals from the permanency review Order, which changed the permanency goal for his son, W.M. (Child") (born in July of 2012), to adoption, pursuant to the Juvenile Act, 42 Pa.C.S.A. § 6351. Father's counsel, Elizabeth Brew Walbridge, Esquire ("Counsel"), has filed a Motion for leave to withdraw as counsel and a brief pursuant to **_Anders v. California_**, 386 U.S. 738, 744 (1967). We remand for further proceedings.

On June 3, 2014, the Erie County Office of Children and Youth ("OCY" or the "Agency") filed a Motion for emergency protective custody and a shelter care Petition with regard to Child. The trial court entered an Order of protective custody on that same date. OCY filed a dependency Petition on June 4, 2014. On June 10, 2014, OCY filed a Petition for shelter care, and the trial court entered a shelter care Order. On that same date, Erie County Court Administration filed a Motion for court-appointed counsel for K.R.,

("Mother"). OCY filed an agreement for a master's hearing. On July 1, 2014, the trial court entered an Order adjudicating Child dependent pursuant to 42 Pa.C.S.A. § 6302(1), as Child lacked proper parental care and control, and establishing the permanency goal for Child as return to parent or guardian. On October 2, 2014, the trial court entered a permanency review Order maintaining Child's permanency goal. The trial court entered a permanency review Orders maintaining Child's permanency goal on February 4, 2015, and again on May 7, 2015.

On June 25, 2015, OCY filed a Motion to return Child to home. On June 29, 2015, the trial court granted OCY's Motion, and entered an Order directing that Child be returned to home, in the care of Mother. The trial court further ordered that OCY would retain legal custody, and the matter would remain open for continued monitoring of compliance. Notably, the Order provided that all other aspects of the May 6, 2015 permanency review Order would remain in effect. On July 22, 2015, the trial court entered a permanency review Order maintaining legal custody with OCY, and physical custody with Mother.

On July 31, 2015, OCY filed a Motion for an emergency protective order and a shelter care Petition. The trial court entered an emergency protective custody Order, and a shelter care Order maintaining legal custody with OCY, and returning physical custody to OCY, with Child to be placed in foster care.

On January 13, 2016, following a hearing, the trial court entered an Order changing Child's permanency goal to adoption. The trial court did not file any opinion in explanation of the Order.

Father timely filed a timely Notice of appeal. Counsel did not file a concise statement of errors complained of on appeal with the Notice of appeal, **see** Pa.R.A.P. 1925(a)(2)(i), (b), but, rather, indicated her intention to file a motion to withdraw as counsel pursuant to **Anders**, citing Pa.R.A.P. 1925(c)(4).[1] The trial court has not filed an Opinion.

On appeal, Counsel has filed the Motion to withdraw and an **Anders** brief. The **Anders** brief presents the following claim for our review: "Whether the juvenile court had competent, sufficient evidence to change the goal to adoption under the dictates of the Juvenile Act and the corresponding case law[?]" **Anders** Brief (amended) at 4.[2] Father did not file a *pro se* brief or retain alternate counsel for this appeal.

In **In re V.E.**, 611 A.2d 1267, 1274-75 (Pa. Super. 1992), this Court extended the **Anders** principles to appeals involving the termination of parental rights. Pursuant to **Anders**, when counsel believes an appeal is

_____

[1] **See In re J.T.**, 983 A.2d 771, 774 (Pa. Super. 2009) (holding that decision of counsel to follow Pa.R.A.P. 1925(c)(4) procedure in a termination of parental rights case was proper).

[2] On April 12, 2016, Counsel filed an amended **Anders** brief, and, on April 13, 2016, Counsel filed an amended Motion to withdraw as counsel, in compliance with the directives in this Court's Order entered on April 5, 2016.

frivolous and wishes to withdraw representation, he or she must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record . . ., counsel has determined the appeal would be frivolous;
>
> (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no-merit" letter or *amicus curiae* brief; and
>
> (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of the court's attention.

*In re S.M.B.*, 856 A.2d 1235, 1237 (Pa. Super. 2004) (citation omitted).

"When considering an *Anders* brief, this Court may not review the merits of the underlying issues until we address counsel's request to withdraw." *Id.*

In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. "After an appellate court receives an ***Anders*** brief and is satisfied that counsel has complied with the aforementioned requirements, the Court then must undertake an independent examination of the record to determine whether the appeal is wholly frivolous." ***In re S.M.B.***, 856 A.2d at 1237.

With respect to the third requirement of ***Anders***, that counsel inform the defendant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." ***Commonwealth v. Millisock***, 873 A.2d 748, 752 (Pa. Super. 2005).

Here, Counsel has complied with each of the requirements of ***Anders***. Counsel indicates that she conscientiously examined the record and determined that an appeal would be frivolous. Further, Counsel's ***Anders*** brief comports with the requirements set forth by the Supreme Court of Pennsylvania in ***Santiago***. Finally, the record contains a copy of the letter that Counsel sent to Father, advising him of his right to proceed *pro se* or retain alternate counsel and file additional claims, and stating Counsel's intention to seek permission to withdraw. Accordingly, Counsel now has complied with the procedural requirements for withdrawing from representation, and we will proceed with our own independent review.

Our Supreme Court set forth our standard of review for dependency cases as follows:

> [T]he standard of review in dependency cases requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law. Accordingly, we review for an abuse of discretion.

*In re R.J.T.*, 9 A.3d 1179, 1190 (Pa. 2010). "[A]n abuse of discretion does not result merely because the reviewing court might have reached a different conclusion. Instead, a decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will." *In re Adoption of S.P.*, 47 A.3d 817, 826 (Pa. 2012) (citations omitted).

This matter is controlled by the Juvenile Act, 42 Pa.C.S.A. § 6301. When considering a petition for goal change for a dependent child, the trial court considers

> the continuing necessity for and appropriateness of the placement; the extent of compliance with the service plan developed for the child; the extent of progress made towards alleviating the circumstances which necessitated the original placement; the appropriateness and feasibility of the current placement goal for the child; and, a likely date by which the goal for the child might be achieved.

*In re A.K.*, 936 A.2d 528, 533 (Pa. Super. 2007) (citing 42 Pa.C.S.A. § 6351(f)). Additionally, section 6351(f.1) requires the trial court to make a determination regarding the child's placement goal:

> **(f.1) Additional determination.**—Based upon the determinations made under subsection (f) and all relevant evidence presented at the hearing, the court shall determine one of the following:

* * *

>>(2) If and when the child will be placed for adoption,
>>and the county agency will file for termination of
>>parental rights in cases where return to the child's
>>parent, guardian or custodian is not best suited to the
>>safety, protection and physical, mental and moral
>>welfare of the child.

42 Pa.C.S.A. § 6351(f.1).

Importantly, by failing to file an Opinion with its Order and/or a Pa.R.A.P. 1925(a) Opinion, the trial court did not cite to, or provide an analysis of, the factors under section 6351(f) and (f.1) of the Juvenile Act, which a trial court *must* consider at a permanency review hearing. ***See*** 42 Pa.C.S.A. § 6351(f) (providing that "[a]t each permanency hearing, a court *shall* determine all of the [enumerated factors in subsection (f)] ….)" (emphasis added);[3] ***id.*** § 6351(f.1) listing the alternatives available to the juvenile court for the permanent placement of a dependent child). ***See also In re R.J.T.***, 9 A.3d 1179, 1186-87 n.10 (Pa. 2010) (setting forth the factors and observing that a trial court is obligated to consider them at a permanency review hearing); ***id.*** at 1198 (Orie Melvin, J., dissenting) (opining that "[n]owhere in its opinion did the trial court either acknowledge its duty pursuant to 42 Pa.C.S.A. § 6351(f) . . . nor did it explain its evaluation of the considerations enumerated therein. The Superior Court

_____

[3] We also did not find any discussion by the trial court of the section 6351(f) and (f.1) factors on the record at the permanency review hearing.

was responsible for ensuring that the record represented a comprehensive inquiry, and that the trial court applied appropriate legal principles.").

Accordingly, we hereby remand this case to the trial court  Within 30 days from the filing of this Memorandum, the trial court is directed to file an Opinion setting forth the court's consideration of the evidence concerning the factors set forth in 42 Pa.C.S.A. § 6351(f) and (f.1).  We defer our ruling on Counsel's amended Motion to withdraw until our review of the trial court's opinion.[4]

Case remanded with instructions; Superior Court panel jurisdiction retained.

_____

[4] In a letter to this Court, filed on February 4, 2016, the trial court indicated that it would not file an opinion pursuant to Pa.R.A.P. 1925(a), because Counsel intended to file a Rule 1925(c)(4) statement.  Further, the trial court erroneously stated that the case involved an involuntary termination of parental rights decree.